```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
MALIBU MEDIA, LLC,               :
                                 :
          Plaintiff,             :
                                 :
v.                               :    Civil No. 3:17-cv-279(AWT)
                                 :
JOHN DOE subscriber assigned IP  :
address 73.47.230.253,           :
                                 :
          Defendant.             :
-------------------------------- x
```

## ORDER DENYING MOTION TO QUASH

For the reasons set forth below, defendant John Doe's Motion to Quash/Motion for Protective Order (Doc. No. 14) is hereby DENIED.

The defendant argues that permitting the plaintiff to obtain the subpoenaed information would violate his/her Fourth Amendment rights. However, as explained by the plaintiff in its response (see Doc. No. 15), the Fourth Amendment does not apply here because the defendant is not the party being required to produce under the subpoena and the defendant does not have standing to assert a Fourth Amendment violation on behalf of a third party. See Alderman v. United States, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); Malibu Media, LLC v. Doe, 106 U.S. Dist. LEXIS 112187, *18 (E.D.N.Y. Aug. 23, 2016) (citing Revander v. Denman,

1

2004 U.S. Dist. LEXIS 268, *1 (S.D.N.Y Jan. 21, 2004) (observing that "a party generally does not have standing to challenge a subpoena issued to a third-party witness unless a personal privacy right or privilege is implicated.")).  In addition, "courts have consistently held that there is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider."  Malibu Media, LLC v. Doe, 2012 WL 6019259, *4 (N.D. Ind. Dec. 3, 2012); see also United States v. Ulbricht, 2017 U.S. App. LEXIS 9517, *38-40 (2d Cir. May 31, 2017).

     The defendant also argues that the subpoena must be quashed or modified under Federal Rule of Civil Procedure 45(d)(3) because the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to an undue burden."  Def.'s Motion to Quash/Motion for Protective Order (Doc. No. 14) at 3.  It is unclear precisely what the defendant's argument is with respect to Rule 45(d)(3)(A)(iii), but, as noted above, there is no expectation of privacy in Internet subscriber information and the court can discern no other basis for quashing the subpoena under this provision.  As to Rule 45(d)(3)(A)(iv), the defendant is the not the party being subpoenaed; rather, the subpoena has been served on his Internet service provider.  Thus, this argument is unavailing.  See Malibu Media, LLC v. Does, 2012 WL 6203697, *4

(D. N.J. Dec. 12, 2012) ("Defendants do not have standing to contest the third-party Subpoenas on the basis of undue burden.").

The defendant also makes a general request for a protective order, which the court views as simply being a parallel request to the motion to quash the subpoena.  Therefore, that request is also being denied.

It is so ordered.

Signed this 21st day of December, 2017, at Hartford, Connecticut.

                                             /s/ AWT
                                     Alvin W. Thompson
                                      United States District Judge